# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DAMISCH & DAMISCH, LTD.**, | ) |
| Creditor/Appellant, | ) |
| v. | ) Case No. 15 C 5598 |
| **REGINICE M. RABIOLA**, | ) |
| Debtor/Appellee. | ) |

## MEMORANDUM OPINION AND ORDER

Two issues are raised on this appeal of a Bankruptcy Court judgment: whether sanctions judgments obtained in state court are dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(6)[1] and whether the judicial liens that resulted from those sanctions judgments are avoidable pursuant to Section 522(f). For the reasons stated in this memorandum opinion and order, the Bankruptcy Court's judgment on the issue of dischargeability is reversed in part and affirmed in part and its judgment on the issue of lien avoidance is remanded in part and affirmed in part.

## Facts and Issues Presented[2]

In March 2007 Jon DeRaedt ("DeRaedt") filed suit against his neighbor Reginice Rabiola ("Rabiola"), alleging that she had trespassed and dumped wood shavings on a grassy strip along

---

[1] Further references to Title 11 provisions will take the form "Section --" without a prefatory reference to "11 U.S.C."

[2] This section is derived from the transcript of the Bankruptcy Court's June 5, 2015 proceedings as well as the Illinois Appellate Court opinion in <u>DeRaedt v. Rabiola</u>, No. 2-10-0719, 2011 WL 9975235 (Ill. App. 2d Dist. May 11) (referred to here, where specific page citations are called for, as the "WL Version"). This opinion will cite to the unwritten Bankruptcy Court order as "June 5, 2015 Tr. --."

the eastern edge of the land that DeRaedt leased from Walter Fuchs ("Fuchs"). In part DeRaedt sought an injunction barring Rabiola from entering his land. In response Rabiola filed a counterclaim against both DeRaedt and Fuchs alleging that she held an easement in favor of her property on the grassy strip, which easement she used to access her hay fields. DeRaedt, after amending his complaint twice and adding Fuchs as a plaintiff, moved for a partial summary judgment rejecting Rabiola's easement claim.

At the July 2008 hearing on DeRaedt's motion, Rabiola's attorney informed the court that nine months earlier Rabiola had obtained permission to build a culvert to access her hay fields and now wished to withdraw her counterclaim. That caused DeRaedt's partial summary judgment motion to be held moot, and the parties commenced discovery on their overall dispute. In the course of responding to discovery Rabiola made various -- and self-contradictory -- representations about whether she continued to claim an easement. In February 2010 the trial court entered a judgment that Rabiola held no valid easement.

Following entry of that judgment DeRaedt and Fuchs moved for sanctions against Rabiola pursuant to Illinois Supreme Court Rule 137.[3] They argued that Rabiola's easement claim lacked a legal or factual basis and that they had incurred needless expense when Rabiola waited nine months before dismissing her counterclaim. That motion was denied by the trial court, and DeRaedt and Fuchs appealed the issue to the Illinois Appellate Court.

After thoroughly reviewing the record, the Appellate Court reversed the trial court's decision in its opinion cited in n.2 here. It found that Rabiola's easement claim was frivolous and was directly attributable to the failure to conduct an inquiry into the facts and law before filing

---

[3] Further references to Illinois Supreme Court Rules will simply take the form "Rule --."

that claim (WL Version *10).  In addition the Appellate Court found that Rabiola's delay in dismissing her claim once it became moot, and her continued assertion of an easement even after dismissal, had caused plaintiffs to incur substantial expense for which Rabiola bore responsibility (id. *11).

Accordingly the Appellate Court remanded the matter to the trial court to determine the appropriate sanctions (id. *12), and the trial court then ordered sanctions of $22,400 against Rabiola and $22,400 against her attorney.  DeRaedt and Fuchs then petitioned the Appellate Court pursuant to Rule 375(b) for the expenses and fees associated with their appeal, and the Appellate Court entered a judgment of $25,325.50 against Rabiola without issuing a written opinion.  To date Rabiola has not satisfied either judgment, and both have been recorded as liens against her real estate.

In May 2014 Rabiola filed a Chapter 7 bankruptcy petition, and in July 2015 DeRaedt, Fuchs and law firm Damisch & Damisch, Ltd. ("the Damisch Firm")[4] filed an adversary complaint seeking a finding that both sanctions judgments entered against Rabiola are nondischargeable under Section 523(a)(6), a provision that excepts from discharge debts incurred as a result of a debtor's willful and malicious conduct.  That adversary proceeding culminated in a trial in which Bankruptcy Plaintiffs relied largely on the state court record.  After they rested their case and moved for entry of judgment, the Bankruptcy Court sought testimony from Rabiola on whether she was aware that the state court's decision to deny the sanctions motion had been appealed.  Rabiola testified that she was not aware of the appeal and furthermore that she could not recall whether she was told specifically that she did not have an easement at the

---

[4] For convenience those three plaintiffs in the adversary proceeding will be referred to collectively as the "Bankruptcy Plaintiffs."

time she purchased her property. Finding that testimony credible, the Bankruptcy Court ruled that "[b]ecause the debtor did not have knowledge of the appeal, she could not have committed a willful act with the intention of causing injury to the plaintiffs in the course of the conduct of that appeal" (June 5, 2015 Tr. 14). Judgment was entered in favor of Rabiola.

In the course of her bankruptcy Rabiola also moved to avoid the judicial liens pursuant to Section 522(f), which allows debtors to avoid the fixing of a judicial lien on an interest of a debtor in her property to the extent that the lien impairs an exemption to which the debtor is entitled. Section 522(f) sets forth a formula for determining whether a judicial lien impairs an exemption. Applying that formula, the Bankruptcy Court found that the two judicial liens impaired Rabiola's homestead exemption and ordered them avoided. En route to that conclusion the Bankruptcy Court rejected Bankruptcy Plaintiffs' contention that the recent decision in Bank of America, N.A. v. Caulkett, 135 S. Ct. 1995 (2015) should preclude that result.

Bankruptcy Plaintiffs have since assigned their claims to the Damisch Firm, which has raised two issues on appeal: whether the state court's sanctions judgments are nondischargeable in bankruptcy pursuant to Section 523(a)(6) and whether the liens that resulted from the sanctions judgments are voidable pursuant to Section 522(f). This opinion will address those issues seriatim.

**Standards of Review**

Dual standards of review apply to any bankruptcy appeal such as this one. To the extent that the Bankruptcy Court has made any findings of fact, they may not be set aside unless clearly erroneous (Cult Awareness Network, Inc. v. Martino (In re Cult Awareness Network, Inc.) ["Cult Awareness"], 151 F.3d 605, 607 (7th Cir. 1998); see also Fed. Bankr. R. ("Rule") 8013). But that deferential standard does not apply to the Bankruptcy Court's conclusions of law, which

are reviewed by this Court de novo (Cult Awareness, 151 F.3d at 607) or to mixed questions of fact and law (Samson v. Alton Banking & Trust Co. (In re Ebbler Furniture & Appliances, Inc.), 804 F.2d 87, 89 (7th Cir. 1986)) -- that is, to the manner in which factual conclusions implicate legal questions (id.).

### **Nondischargeability Under Section 523(a)(6)**

Section 523(a)(6) provides:

   (a)  A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

\*   \*   \*

   (6)  for willful and malicious injury by the debtor to another entity or to the property of another entity. . . .

Nondischargeability therefore requires the creditor to prove three elements: injury, willfulness and maliciousness. "Injury" means a violation of someone's legal right for which the law provides a remedy (First Weber Grp., Inc. v. Horsfall, 738 F.3d 767, 774 (7th Cir. 2013)). In turn "willfulness" requires "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury" (id., quoting Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998) (emphasis in original)). Importantly, willfulness can be found "either if the debtor's motive was to inflict the injury, or the debtor's act was substantially certain to result in injury" (id., internal quotation marks omitted). Finally, "maliciousness . . . requires that that the debtor acted in conscious disregard of [his] duties or without just cause or excuse; it does not require ill-will or specific intent to do harm" (id., again with internal quotation marks omitted)). Nondischargeability must be proved by the creditor by a preponderance of the evidence (id.).

In their briefing before this Court the parties treat the two sanctions judgments against Rabiola -- one entered by the state trial court ("Rule 137 sanctions") and one by the Appellate

- 5 -

Court ("Rule 375(b) sanctions") -- as functionally identical as to dischargeability or nondischargeability. But identical they are not. As will be discussed, the Rule 137 sanctions were issued pursuant to the Appellate Court opinion that contained detailed findings about Rabiola's conduct in the course of the state trial court litigation. But that opinion contained no such findings as to whether Rabiola's conduct in defending the appeal warranted the imposition of Rule 375(b) sanctions. Because the question of dischargeability turns on the facts that gave rise to the sanctions judgments, and because the two judgments arose out of distinct facts, each must be addressed independently.

**Rule 137 Sanctions**

As stated in the preceding paragraph, the Appellate Court made detailed factual findings about Rabiola's improper conduct at the trial court level -- findings that called for Rule 137 sanctions. Based on a de novo consideration of how those findings match up with the elements of nondischargeability under Section 523(a)(6), this Court concludes that the Rule 137 sanctions were clearly based on Rabiola's having willfully and maliciously injured DeRaedt and Fuchs,[5] even though the Appellate Court had no occasion to focus on that terminology.[6]

First, there is really no dispute that DeRaedt and Fuchs suffered injury as a result of Rabiola's conduct in the litigation. For example, her failure to dismiss her countercomplaint

---

[5] It is important to note that the Rule 137 sanctions were awarded only on the basis of Rabiola's signed pleadings, rather than any of her alleged conduct outside the courtroom (see WL Version *12). Thus both parties' references in their briefs to Rabiola's conduct beyond the four corners of her filings have no relevance to this analysis.

[6] Though none of them are precedential in nature and they are therefore not cited here, numerous district and bankruptcy court decisions have found that sanctions imposed for frivolous filings are nondischargeable in bankruptcy pursuant to Section 523(a)(6) -- and, indeed, research has not uncovered any going the other way.

promptly after she no longer sought an easement caused DeRaedt and Fuchs to incur "substantial expense" in presenting their motion for partial summary judgment (WL Version *11). Plainly those needless costs borne by DeRaedt and Fuchs as a result of Rabiola's conduct constitute an injury for purposes of Section 523(a)(6).

Rabiola's conduct just as plainly comes under the "willful" rubric in this circuit's jurisprudence. Advancing frivolous claims and then failing to withdraw those claims promptly after they have been rendered moot -- conduct expressly targeted in the Appellate Court's ruling on Rule 137 sanctions (WL Version *11) -- is conduct "substantially certain" (First Weber Grp., 738 F.3d at 774) to result in injury. Indeed, in evaluating a factually similar appeal from a judgment of the Bankruptcy Court, this Court's then colleague Honorable Suzanne Conlon had occasion to observe that "[a] frivolous suit necessarily causes injury -- it forces the party sued to incur expenses in defending the suit" (French Kezelis & Kominiarek, P.C. v. Carlson, No. 99 C 6020, 2000 WL 226706, at *3 (N.D. Ill. Feb. 22)). Because Rabiola's frivolous filings were substantially certain to result in injury to DeRaedt and Fuchs, her conduct was willful for Section 523(a)(6) purposes.

Finally as to maliciousness, the Appellate Court's finding that Rabiola failed to conduct the necessary inquiry of the facts and law before filing her pleadings fits squarely within our Court of Appeals' requirement that the debtor acted "in conscious disregard of [her] duties or without just cause or excuse . . ." (First Weber Grp., 738 F.3d at 774). Here, in failing to conduct the factual and legal inquiry required by Rule 137, Rabiola acted in conscious and unexcused disregard for one of the core duties of a litigant.

In sum, because each of the required elements of proving nondischargeability under Section 523(a)(6) is met by the detailed findings of the Appellate Court, the Bankruptcy Court is

reversed with respect to its judgment on the Rule 137 sanctions. That accounts for $22,400 of the total sanctions award.

**Rule 375(b) Sanctions**

Rule 375(b) is essentially the state appellate court counterpart to Rule 137: It allows the state reviewing court to impose sanctions if an appeal is brought or defended on frivolous grounds. Here, while the Appellate Court did ultimately issue Rule 375(b) sanctions against Rabiola, no findings were made at that stage -- no predicate is available that would enable this Court to determine whether Rabiola's conduct at the appellate level was willful and malicious within the meaning of Section 523(a)(6). While critical of Rabiola's briefing, the published Appellate Court opinion ruled only that her culpability extended "to the point at which judgment was entered in favor of the plaintiffs" -- that is, before the appeal (WL Version *11).

Moreover, after its trial of the adversary proceeding, the Bankruptcy Court found that Rabiola was not aware that the case had been appealed -- a finding that cannot be labeled "clear error" (if error at all). In the absence of evidence that Rabiola's conduct in the appeal was willful and malicious, this Court has no basis for disturbing the Bankruptcy Court's ruling that Bankruptcy Plaintiffs failed to prove the elements of Section 523(a)(6) by a preponderance of the evidence. Therefore, the judgment of the Bankruptcy Court as to the dischargeability of the Rule 375(b) sanctions (amounting to $25,325.50) is affirmed.

## Avoidance of Liens

Damisch Firm also raises on appeal the question whether the two judgment liens affixed to Rabiola's property may be voided pursuant to Section 522(f). Neither side's briefs before this Court have addressed how, if at all, this Court's ruling on dischargeability should affect its ruling on avoidance. In opposing Rabiola's motion to void the liens, however, Bankruptcy Plaintiffs

argued that because the sanctions judgments were nondischargeable, the resulting liens could not be avoided. That argument was rejected by the Bankruptcy Court on the grounds that the judgments <u>were</u> dischargeable (June 5, 2015 Tr. 16). Because the Bankruptcy Court is being reversed on the dischargeability of the Rule 137 sanctions judgment, the question whether a lien resulting from such a judgment is voidable is remanded for consideration consistent with this opinion.

But as for the lien resulting from the Rule 375(b) sanctions, this opinion's affirmance of the Bankruptcy Court judgment as to the dischargeability of the underlying judgment makes the avoidance question ripe for decision. On that score Damisch Firm does not quarrel with the Bankruptcy Court's application of the formula in Section 522(f) to hold that the liens impaired Rabiola's homestead exemption and were thus, at first blush, voidable. Instead it urges that the Supreme Court's recent <u>Caulkett</u> decision should change that outcome. It does not.

<u>Caulkett</u> concerns the stripping of mortgage liens under Section 506(d), and the decision turns on the Supreme Court's interpretation of the term "secured claim" in that section. Here Rabiola seeks to void a different kind of lien -- a judicial lien -- pursuant to a different section of the bankruptcy code -- Section 522(f), which does not even contain the term "secured claim." Damisch has failed to provide a basis for extending <u>Caulkett</u> to the very distinct situation presented here, and this Court declines to do so. Hence the judgment of the Bankruptcy Court voiding the Rule 375(b) lien is affirmed.

## **Conclusion**

In sum, for the reasons stated in this memorandum opinion and order, the Bankruptcy Court's judgment on the issue of dischargeability is reversed as to the Rule 137 judgment and affirmed as to the Rule 375(a) judgment. As for the Bankruptcy Court's rulings on the issue of

avoidance, they are remanded for reconsideration as to the lien resulting from the Rule 137 judgment and affirmed as to the lien resulting from the Rule 375(b) judgment.

                                                                                          _____
                                                                                          Milton I. Shadur
Date: October 30, 2015                           Senior United States District Judge